UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOEL AARON SILBERMAN, ) | |
| ) | |
| Plaintiff, ) | Case: 1:16-cv-02386 Jury Demand |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 12/7/2016 |
| ) | Description: Pro Se Gen. Civil (F Deck) |
| STEVEN N. BERK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

It appears that plaintiff is a criminal defendant in two cases currently pending before the Superior Court of the District of Columbia. Among other relief, plaintiff demands dismissal of the criminal cases, and an injunction barring an incompetency hearing.

"[A] federal court may dismiss an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that the federal court should defer to the state proceedings." *Hoai v. Sun Refining and Marketing Co., Inc.*, 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)). This is such an action. *See Miranda v. Gonzales*, 173 F. App'x 840 (D.C. Cir.) (per curiam), *cert. denied*, 549 U.S. 889 (2006); *Smith v. Holder*, No. 14-131, 2014 WL 414292, at *1 (D.D.C. Jan. 30, 2014), *aff'd*, 561 F. App'x 12 (D.C. Cir. June 16, 2014) (per curiam) (noting appellant's failure to "show[] that the district court erred in dismissing his challenge to pending District of Columbia criminal proceedings under the abstention doctrine of *Younger v. Harris*").

Given "the fundamental policy against federal interference with state criminal

prosecutions," *Younger,* 401 U.S. at 46, the Court will dismiss this action. An Order accompanies this Memorandum Opinion.

DATE: Dec 2, 2016

_____
United States District Judge